UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MANUEL GONZALEZ, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | **CLASS ACTION** |
| v. | **DEMAND FOR JURY TRIAL** |
| RE FLORIDA HOMES, LLC, a Florida company, | |
| *Defendant.* | |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Manuel Gonzalez ("Gonzalez" or "Plaintiff") brings this class action under the Telephone Consumer Protection Act against Defendant RE Florida Homes, LLC ("REFH" or "Defendant"), to stop its practice of sending unauthorized and unwanted text messages promoting its realty brokerage to prospective realtors, and to obtain redress for all persons similarly injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. This case challenges Defendant REFH's practice of sending unsolicited text messages to consumers promoting its brokerage services.

2. REFH's unsolicited texts violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and caused Plaintiff and putative members of the Class to suffer actual harm, including the aggravation, nuisance, loss of time, and invasions of privacy that result from the receipt of such text messages, lost value of cellular services paid for, and a loss of the use and enjoyment of their

phones, including wear and tear to their phones' data, memory, software, hardware, and battery components, among other harms.

3. Accordingly, Plaintiff seeks an injunction requiring REFH to cease sending unsolicited text messages to consumers, as well as an award of actual and/or statutory damages and costs.

## PARTIES

4. Plaintiff Manuel Gonzalez is a Miami-Dade County, Florida resident.

5. Defendant REFH is a Florida limited liability company with a principal place of business in this District.

## JURISDICTION & VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

7. The Court has personal jurisdiction over Defendant and venue is proper in this District because REFH is headquartered here, and because REFH's unauthorized marketing scheme was directed by Defendant from and/or into this District, including to Plaintiff.

## FACTUAL ALLEGATIONS

8. REFH is a real estate brokerage in South Florida.

9. This case arises from REFH's use of unsolicited autodialed text messages to promote its brokerage services for a fee to prospective realtors.

10. REFH does not obtain consent before sending these texts marketing its realty services.

11. In fact, between December 6 and 7, 2018, REFH sent 6 texts to Plaintiff's cellular phone number, from short code 484-848, without Plaintiff's consent:



3

12. Plaintiff's phone number has been registered with the national do-not-call registry since November 16, 2012.

13. REFH's unsolicited texts were a nuisance that aggravated Plaintiff, wasted his time, invaded his privacy, diminished the value of the cellular services he paid for, caused him to temporarily lose the use and enjoyment of his phone, and caused wear and tear to his phone's data, memory, software, hardware, and battery components.

14. On information and belief, REFH, or a third-party acting on its behalf, sent substantively identical unsolicited text messages *en masse* to the cellular telephone numbers of thousands of consumers, including many who, like Plaintiff, had registered their phone numbers on the national do-not-call registry. To the extent the text messages were sent on REFH's behalf to consumers, REFH provided the third-party access to its records, authorized use of its trade name, otherwise controlled the content of the messages, and knew of, but failed to stop, the sending of the text messages in violation of the TCPA.

15. In sending the unsolicited text messages at issue, REFH, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator. This is evident from the circumstances surrounding the text messages, including the text messages' commercial and generic content, that substantively identical texts were sent to multiple recipients, and that they were sent from a short code, which is consistent with the use of an automatic telephone dialing system to send text messages.

16. Accordingly, Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Classes:

> <u>No Consent Class</u>: All persons who, on or after four years prior to the filing of the initial complaint in this action, (1) were sent a text message to their cellular phone number by REFH or its agent, (2) using the same equipment used to send the text messages to Plaintiff, (3) for the same reason REFH texted Plaintiff, (4) without their prior express written consent or with the same purported consent REFH claims to have obtained from Plaintiff, if any.
>
> <u>Do Not Call Registry Class</u>: All persons who, on or after four years prior to the filing of the initial complaint in this action, (1) were sent more than one text message to their cellular telephone by or on behalf of REFH within any 12-month period; (2) for the same reason REFH texted Plaintiff; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) without their prior express written consent or with the same purported consent REFH claims to have obtained from Plaintiff, if any.

17. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

18. **Numerosity**: The exact size of the Classes is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent unsolicited text messages to thousands of individuals who fall into the Classes definition. Class membership can be easily determined from Defendant's records.

19. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff is a member of the Classes, and if Defendant violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Classes. Plaintiff and the Classes sustained the same damages as a result of Defendant's uniform wrongful conduct.

20. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   a) How Defendant gathered, compiled, or obtained the cellular telephone numbers of Plaintiff and the Classes;

   b) Whether the text messages were sent using an automatic telephone dialing system;

   c) Whether Defendant's text messages were sent for the purpose of marketing Defendant's products and/or services;

   d) Whether Defendant sent some or all of the text messages without the consent of Plaintiff and the Classes;

   e) Whether Defendant sent some or all of the text messages to telephone numbers registered on the national do not call registry; and

   f) Whether Defendant's conduct was willful and knowing such that Plaintiff and the Classes are entitled to treble damages.

21. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

22. **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the

Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff.

23. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the No Consent Class)

24. Plaintiff repeats and realleges the allegations of paragraphs 1 through 23 of this complaint and incorporates them by reference.

25. Defendant and/or its agents agent transmitted text messages to cellular telephone numbers belonging to Plaintiff and the other members of the No Consent Class using an automatic telephone dialling system.

26. These solicitation text messages were sent without the consent of Plaintiff and the other members of the No Consent Class.

27. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii), entitling Plaintiff and the No Consent Class to a minimum of $500, and a maximum of $1,500, in damages for each violation.

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

28. Plaintiff repeats and realleges the paragraphs 1 through 23 of this Complaint and incorporates them by reference herein.

29. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

30. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

31. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

32. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

33. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

34. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

35. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Gonzalez, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and his counsel as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial.

Dated: April 11, 2019.

By */s/Avi R. Kaufman*
   Avi R. Kaufman (Florida Bar no. 84382)
   Rachel E. Kaufman (Florida Bar no. 87406)
   **KAUFMAN P.A.**
   400 NW 26th Street
   Miami, Florida 33127
   Telephone: (305) 469-5881
   Email: kaufman@kaufmanpa.com

   *Counsel for Plaintiff Manuel Gonzalez*
   *and all others similarly situated*